IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

CASE No. 1:12-cv-00397 ——————DEP. CLK

-WJM-MEH

| | |
|---|---|
| MALIBU MEDIA, LLC, | |
| Plaintiff, | MOTION TO QUASH OR MODIFY SUBPOENA |
| vs. | |
| JOHN DOES 1-29, | |
| Defendants. | |
| _____/ | |

## MOTION TO QUASH OR MODIFY SUBPOENA

I received a letter from my ISP regarding a subpoena, which included a copy of the *Order Granting Plaintiff's Application for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference and Incorporated Memorandum of Law*. My ISP identified me as John Doe #3. The subpoena required Comcast to deliver to Plaintiff my true name, address, telephone number, email address, and Media Access Control address.

I make a motion to quash this subpoena and deny the requirement to release my true name, address, telephone number, email address, and Media Access Control address. Further, I move that all Defendants be considered separately rather than joined.

I am filing this motion because all alleged participants in this case have been combined per Plaintiff's joinder. However, Plaintiff itself describes various levels of alleged participation. Plaintiff's own description of the alleged acts (notably the discrepancy between "initial seeder" and "peer") imply some Defendants may have played an active role in beginning and propagating the alleged infringements, while others were perhaps innocent, unaware, or

passive participants.

Therefore, combining all Defendants using a joinder is inappropriate and denies Defendants the ability to seek justice based on their individual actions, which may be dissimilar or wholly separate from actions of other Defendants.

I respectfully request that I be allowed to make this motion without revealing my personally identifying information. Revealing personally identifying information as part of this motion would result in an effectively identical result as allowing Comcast to reveal some of the same information directly to Plaintiff.

## BACKGROUND

U.S. Magistrate Judge Michael E. Hegarty on March 15, 2012 granted in part, and denied in part, Plaintiff's *Motion For Leave to Serve third Party Subpoenas Prior to a Rule 26(f) Conference and Incorporated Memdorandum of Law*. Among the items granted was "The Plaintiff may serve third party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISPs with the limited purpose of ascertaining the identities of the Doe Defendants as identified by the twenty-nine (29) IP address listed in Docket #6-4. The subpoenas shall be limited to providing Plaintiff with the true name, address, telephone number, email address, and Media Access Control address of the Defendant to whom the ISP has assigned an IP address. ..." The portion denied from docket #6-2 included, "a finding that joinder is proper at this stage in the litigation." (Page 3, paragraph 7) Judge Hegarty also notes in the Motion for Leave that Plaintiff "conceded on the record that other courts have disputed the propriety of joinder in cases similar to this one."

## ARGUMENT
**Plaintiff Has Improperly Joined 29 Individual Defendants**

1.  The Plaintiff's joinder of 29 defendants in this single action is improper and runs the

tremendous risk of creating unfairness and denying individual justice to those sued. According to Plaintiff's description of the BitTorrent group of software, the individual Defendants likely have no knowledge of each other. Moreover, they do not control how the protocol works.  Joining unrelated defendants in one lawsuit may make litigation more economical for Plaintiff, but that does not mean joinder principles need not be followed here.

In Plaintiff's Complaint in paragraph (2), it writes:

> "Each of the Defendants copied and distributed most of a website containing 57 movies. This is known as a 'siterip.' The file containing the subject website is so large that the Defendants' computers must have worked collaboratively with each other through the process described below for numerous weeks or months to effectuate a complete download and redistribution of the subject website."

To reiterate, Plaintiff argues that Defendants each participated to "…effectuate a complete download…of the subject website."

2. However, Plaintiff also writes in paragraphs (21,22) that:

> "21. A BitTorrent user that wants to upload a new file, known as an "initial seeder," starts by creating a 'torrent' descriptor file using the Client he or she installed onto his or her computer.
> 22. The Client takes the target computer file, the 'initial seed,' here the subject website containing the copyrighted Works, and divides it into groups of bits known as 'pieces.'"

By Plaintiff's own description, a first "initial seeder" began the alleged copyright infringement. Plaintff describes this as an overt act to reproduce copyrighted matieral. That is, the "initial seeder" would have sought out the copyrighted material, combined it, and began dissemination.

In contrast, Plaintiff goes on to describe another category of alleged infringers:

> "24. When another peer later receives a particular piece, the hash identifier for that piece is compared to the hash identifier recorded in the torrent file for that piece to test that the piece is error-free. In this way, the hash

identifier works like an electronic fingerprint to identify the source and origin of the piece and that the piece is authentic and uncorrupted."

Note the passive nature of the phrase "peer later receives" in the first sentence. Plaintiff does not present an argument that the "peer" knowingly worked with the "initial seeder" to participate in the alleged "site rip." In fact, Plaintiff makes no assessment of how the "peer" may have received the electronic data from the "initial seeder" except that a BitTorrent client was used. This is a weak association.

In summary, Plaintiff has described two different alleged infringers. The first, the "initial seeder," begins the process, and "peers," according to Plaintiff, "later receives a particular piece."

3. Plaintiff goes on to assert that all infringers "worked in concert" with each other, in paragraph (12) that:

   i. "12. ...(a) each of the Defendants is jointly and severally liable for the infringing activities of each of the other Defendants, and (b) the infringement complained of herein by each of the Defendants was part of a series of transactions, involving the exact same torrent file containing of Plaintiff's copyrighted Works, and was accomplished by the Defendants acting in concert with each other, and (c) there are common questions of law and fact; indeed, the claims against each of the Defendants are identical and each of the Defendants used the BitTorrent protocol to infringe Plaintiff's copyrighted Works."

Plaintiff's assertion that Defendants "worked in concert with each other" is entirely speculative. Plaintiff offers no logic that links what Plaintiff has described as an active "initial seeder" and a potentially innocent, unaware, or otherwise passive "peer."

4. Even among the "peers," there may be a variety of activities. These peers may have a variety of separate defenses that should be addressed separately. As one court noted as it severed a similar lawsuit involving 203 defendants:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . .
> Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.
> *BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at \*1 (E.D. Pa. Apr. 2, 2004).*

The fact that Defendants could have varied involvement in the alleged infringements raises the question of how involved a Defendant was in an infringement, even if computer equipment or services in the custody of the Defendant were used in the infringement.

CONCLUSION

For all these reasons, I respectfully request my true name, address, telephone number, email address, and Media Access Control address should not be required to be disclosed at this time. Additionally, I request that defendants should be considered separately and addressed individually in separate cases.

Dated: 4/30/12                          Respectfully submitted,

*(actual name withheld)*

John Doe #3
*Pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on 4/30/2012, I served a copy of the foregoing document, sent via certified US Mail, on:

Jason Kotzker, Esq.
The Kotzker Law Group
9609 S. University Blvd, #632134
Highlands Ranch, CO 80163